[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant National Council on Compensation Insurance Inc., has moved to strike the second count of the plaintiff's amended complaint on the ground that it fails to allege a cause of action distinguishable from the other counts. The plaintiff's claims arise from the defendant's termination of his employment on October 20, 1995.
In the first count of his amended complaint, the plaintiff alleges that he was advised that he was being terminated for violation of the defendant's policy prohibiting sexual harassment. The plaintiff alleges that the policy was limited to conduct between the defendant's employees and did not, by its terms, apply to conduct toward employees of clients of the defendant. The plaintiff alleges in this count that the defendant breached its contract with him by imposing standards not set out in the employee manual and not within any clearly stated rule of employee conduct.
In the second count, which he has headed "Bad Faith", the plaintiff incorporates the factual allegations of the first count and alleges that the defendant fired him for conduct not directed at its own employees, and adds the statement that "[t]he defendant knew that its action violated its own personnel policy."
While the defendant characterizes the second count as a claim or intentional breach of contract, it is, rather, a claim that the defendant interpreted its contract with plaintiff in bad faith, arbitrarily imposing a prohibition not stated in the employee handbook.
The Connecticut Supreme Court has recognized that implicit in a contract is a promise not to act capriciously or arbitrarily, that is, in bad faith. Gupta v. New Britain General Hospital,239 Conn. 574, 595-596 (1996). Indeed the Supreme Court indicated inGupta that a plaintiff who claims that a contract has been interpreted or applied in bad faith must so allege. Gupta v. NewBritain General Hospital, 239 Conn. 596, n. 18; Robert S. Weiss Associates, Inc., v. Wiederlight, 208 Conn. 525, 537 (1988). CT Page 11928
In the first count of the amended complaint, the plaintiff alleges breach of contract. In the second count, he alleges breach of the implied covenant to interpret and apply the terms of the contract in good faith. Though there may be substantial overlap, it appears that the two counts address legally separable, though closely related obligations.
In the context of a motion to strike, a complaint must be construed in the manner most favorable to sustaining its legal sufficiency. Sassone v. Lepore, 226 Conn. 773, 780 (1993);Michaud v. Wawruck, 209 Conn. 407, 408 (1988).
The court finds that the second count of the complaint states a cognizable cause of action. Accordingly, the motion to strike is denied.
BEVERLY J. HODGSON JUDGE OF THE SUPERIOR COURT